IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

        Plaintiff,

  v.                   CASE NO. 23-3018-JWL

SAINT CATHERINE'S HOSPITAL, ET AL.,

        Defendants.

**MEMORANDUM AND ORDER**

  Plaintiff Oscar David Urrutia, a state prisoner who is incarcerated at Finney County Jail (FCJ) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

 **I.** **Nature of the Matter before the Court**

  Plaintiff names as defendants Saint Catherine's Hospital, Dr. (fnu) Kumar, Dr. (fnu) Arroyo, Doctor (fnu) Miller, Kansas District Judge Christopher Sanders, the Kansas Department of Motor Vehicles (DMV), Deputy (fnu) Bockin, Corporal (fnu) Benet, Corporal R. Dickson, Corporal (fnu) Ortega, Finney County, Deputy Sheriff M. Anderson, and FCJ Staff Sergeant (fnu) Marino. (Doc. 3, p. 1-9.) The factual background for this complaint appears to encompass many events, including Plaintiff's lung surgeries, hospital billing practices, the birth of Plaintiff's child, Plaintiff's current incarceration, DMV policies for registered offenders, FCJ disciplinary reports,

1

conditions of confinement at the FCJ, sexual assault and misconduct by FCJ staff, FCJ policies related to fire safety, and Plaintiff's classification as a registered offender. *Id.* at 1-11.

Count I alleges the violation of Plaintiff's "right to life," equal protection rights, and rights guaranteed by the Universal Declaration of Human Rights. *Id.* at 10. As the supporting facts for this count, Plaintiff asserts that "they neglected and/or Breached in total due a Misconception within the Community, and even on a Universal level, because I am a registered offender and unlawfully so." *Id.* Count II alleges the commission of a hate crime, discrimination, and retaliation. *Id.* As the supporting facts for Count II, Plaintiff asserts that the Finney County Sheriff's Department has labeled him as a sex offender despite his never having been charged or convicted of a sex crime. *Id.* Count III alleges defamation of character, improper classification, and invasion of privacy, based on the DMV's policy of requiring frequent renewal of registered offender's driver's licenses. *Id.* at 4, 11. As relief, Plaintiff seeks whatever the Court deems appropriate under the facts of the complaint.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

Some or all of the claims in the complaint are subject to dismissal because Plaintiff appears to have improperly joined parties and/or unrelated claims in this action. Federal Rule of Civil Procedure[1] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

> respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001)(citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named defendants or that his claims against all defendants arise from the same transaction or occurrence and involve common questions of law or fact. Thus, the complaint violates both Rule 18(a) and 20(a)(2). It names multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and it contains claims not related to

other claims against different defendants.

Plaintiff therefore is required to file an amended complaint stating (1) only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law. Put another way, Plaintiff should set forth in the amended complaint the occurrence(s) he will hereinafter pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action. If Plaintiff timely files an amended complaint that complies with the requirements of Rules 18 and 20, the Court will resume screening and will issue further orders as necessary.

Moreover, Plaintiff is reminded that in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110.

The current complaint largely fails to identify a legal violation on which Plaintiff may obtain relief under 42 U.S.C. § 1983 and it largely fails to state sufficiently specific facts to support a plausible claim for relief. Plaintiff is cautioned that any amended complaint must include

sufficient factual detail to support a plausible claim for relief.

## IV. Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures the deficiencies identified above. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not incorporate by reference an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3018) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including March 22, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed

herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge